IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON, | No. 2:15-CV-0365-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 5).

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the

likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  For the reasons discussed in the accompanying order addressing plaintiff's complaint, the court cannot say at this time that plaintiff has any particular likelihood of success on the merits of his claims.  Moreover, because it is unclear exactly what plaintiff's claims are, the court cannot evaluate plaintiff's ability to articulate his position in light of the complexity of his claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 5) is denied.

DATED:  September 28, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE