IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON, | No. 2:15-CV-0365-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff names "Mill Creek" and "Doctor Jackson." Plaintiff's hand-written and largely indecipherable complaint appears to allege some kind of conspiracy with respect to plaintiff's medical diagnosis. While plaintiff mentions "malpractice," the court does not find any allegations as to Dr. Jackson.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

1 | between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d
2 | 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
3 |    Finally, plaintiff is warned that failure to file an amended complaint within the
4 | time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at
5 | 1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
6 | with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
7 | See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).
8 |    Accordingly, IT IS HEREBY ORDERED that:
9 |    1. Plaintiff's complaint is dismissed with leave to amend; and
10 |    2. Plaintiff shall file a first amended complaint within 30 days of the date of
11 | service of this order.

DATED: September 28, 2015

             */s/ Craig M. Kellison*
             **CRAIG M. KELLISON**
             UNITED STATES MAGISTRATE JUDGE